IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JEDADIAH STUMP, et al.,

      Plaintiffs,

v.                                    CIVIL ACTION NO. 1:23-00184

WEST VIRGINIA DIVISION
OF CORRECTIONS AND
REHABILITATION, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to dismiss. (ECF No. 20).  For the reasons explained below, the motion is **GRANTED**.

### I.   Background

This is a proposed class action lawsuit brought by former inmates of the West Virginia state prison system who claim they were detained beyond their lawful sentences, in violation of federal and state law.  (See Am. Compl., ECF No. 4).

The proposed class is represented by plaintiff Keane Blake Murillo (incorrectly spelled "Murillio" in the caption of the complaint).  (See id. at ¶¶ 73-80).  He seeks to represent a class of "all current and former West Virginia inmates who have been, or currently are being, over detained by the [West

Virginia Division of Corrections and Rehabilitation ("WVDCR")]
for longer than a *de minimis* amount of time." (Id. at ¶ 36).

This lawsuit initially included two additional proposed
class representatives who claimed they were detained beyond
their lawful sentences while incarcerated at Stevens
Correctional Facility in McDowell County, West Virginia. (See
id. at ¶¶ 52-72). Those plaintiffs and all defendants related
to the Stevens Correctional Facility have been voluntarily
dismissed. (See ECF Nos. 66, 68). Thus, Mr. Murillo is the
sole remaining proposed class representative.

According to the allegations in the amended complaint,
which the court take as true for purposes of this motion, Mr.
Murillo was an inmate at Northern Regional Jail ("NRJ") in
Moundsville, West Virginia, and was later transferred to Potomac
Highlands Regional Jail ("PHRJ") in Augusta, West Virginia.
(See id. at ¶¶ 8, 74-75). He was serving a three-year prison
"sanction" after his sex-offender supervised release was revoked
on February 4, 2021. (See No. 20-1).

He alleges that "[a]ccording to his parole officer, [he]
was supposed to be released on or around August 18, 2022[,]"
(see id. at ¶ 76), but that "[d]ue to an apparent error by the
[WVDCR], [he] was not released as scheduled." (See id. at ¶ 77).
He contends that the WVDCR did not realize its error until
approximately March 7, 2023, at which point he was "released

from custody after being over-detained for approximately eleven (11) months." (Id. at ¶ 80).

He asserts that not only was he over-detained, but that "West Virginia jails and prisons under the control of the [WVDCR], including [NRJ and PHRJ], unlawfully and knowingly over-detain hundreds, if not thousands, of inmates every year." (Id. at ¶ 31). This alleged over-detention occurs because "[a]fter inmates are entitled to be released from custody, the [WVDCR] purposefully delays computation of release dates, [purposefully] delays processing of paperwork necessary for release and/or parole, and even purposefully delays release for arbitrary, capricious, or otherwise illegitimate reasons, resulting in the unlawful detention of inmates who otherwise should be free." (Id. at ¶ 32).

Based on these allegations, Mr. Murillo seeks injunctive and monetary relief against the WVDCR and its Commissioner, William K. Marshall, III, in his official and individual capacity, as well as an unspecified number of "John/Jane Doe" employees of the WVDCR, also in their official and individual capacities. (See id.). Mr. Murillo's claims arise under 42 U.S.C. § 1983, for alleged violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and an alleged conspiracy to violate Mr. Murillo's constitutional rights. (Id. at Counts I-II). Mr. Murillo also

asserts various state-law tort claims, including negligence, gross negligence, intentional infliction of emotional distress, false imprisonment, and civil conspiracy.  (Id. at Counts III-VII).

The defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, among other things, that they are immune from Mr. Murillo's claims.

## II.  Legal Standard

"The purpose of a Rule 12(b)(6) motion is to test the [legal] sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (citations and internal quotation marks omitted).  A Rule 12(b)(6) defense asserts that even if all the factual allegations in a complaint are true, they remain insufficient to establish a cause of action.  This court is also mindful that "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Jones v. Bock, 549 U.S. 199, 215 (2007).

Accordingly, Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading . . . contain a 'short and plain

statement of the claim showing that the pleader is entitled to relief.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677—78 (2009) (<u>citing</u> Fed. R. Civ. P. 8(a)(2)). The purpose of Rule 8(a)(2) is to ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The United States Supreme Court has maintained that "[w]hile a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). The court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000).

Courts must also take care to avoid confusing the veracity or even accuracy underlying the allegations that a plaintiff has leveled against a defendant with the allegations' likelihood of

success.  While "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004), "assum[ing]" of course "that all the allegations in the complaint are true (even if doubtful in fact)," Twombly, 550 U.S. at 555, it is also the case that "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Therefore, courts must allow a well-pleaded complaint to proceed even if it is obvious "that a recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III. Discussion

 Mr. Murillo's § 1983 claims are the basis for invoking this court's subject-matter jurisdiction.  The court will, therefore, first address the sufficiency of his allegations in support of those claims.

 A § 1983 claim requires proof of three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F. 3d 1156, 1159-60 (4th Cir. 1997). Mr. Murillo claims defendants violated his constitutional right "to be free from excessive continued detention after a jail or

prison ceases to have a legal right to detain the individual."
Powell v. Sheriff, 1 F. 3d. 1558, 1562-63 (11th Cir. 1993).
Notably, while there may be a constitutional right against
excessive detention, "[t]here is no constitutional or inherent
right of a convicted person to be conditionally released before
the expiration of a valid sentence." Greenholtz v. Inmates of
Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979).

The parties do not dispute that Mr. Murillo was released
prior to the expiration of his three-year prison term.  Even so,
he contends he was over-detained because, according to his
parole officer, he was supposed to be released sooner.  Other
than this vague and conclusory allegation, he alleges no basis
for his claim that he was detained beyond his lawful sentence.

The amended complaint contains allegations that the other,
former proposed class representatives were "granted parole" and
unlawfully detained thereafter.  (See ECF No. 4 at ¶¶ 52-72).
However, Mr. Murillo does not allege that he was granted parole,
and his counsel admitted at a motion hearing on February 6,
2024, that his alleged entitlement to release was not based on a
grant of parole.  Therefore, based on the amended complaint's
allegations, it is entirely unclear what the basis for his
alleged entitlement to release is.

Without sufficient allegations establishing the basis for
his alleged entitlement to release, he does not allege the

deprivation of his constitutional rights.  He, therefore, fails to state a valid § 1983 claim.

The court grants Mr. Murillo thirty days to amend his complaint to correct this deficiency.  If he does not establish a valid § 1983 claim, the court will dismiss the related § 1983 conspiracy claim, refuse to exercise supplemental jurisdiction over the pendent state-law claims, and dismiss the entire action.

Although defendants' motion to dismiss was based on their assertion of qualified and absolute immunity, the court cannot reach those issues without sufficient allegations establishing the basis for Mr. Murillo's alleged entitlement to early release.  Defendants may raise those immunity defenses in a future motion to dismiss or motion for summary judgment, if further evidentiary support is needed.

### IV.  Conclusion

For the above reasons, defendants' motion to dismiss (ECF No. 20) is **GRANTED**.  The court **GRANTS** Mr. Murillo leave to amend his complaint within thirty days of this order being filed.  The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge